UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
COLEMAN CABLE, INC.,                         )          Case No. C12-1243RSL
                                             )
                        Plaintiff,           )
            v.                               )
                                             )          ORDER DENYING MOTION
TDE, INC., and MONTE A. LEEN,                )          FOR SUMMARY JUDGMENT
                                             )          REGARDING UNPAID CASH
                        Defendants.          )
_____)

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment on Claim for Unpaid Cash." Dkt. # 17. Plaintiff has alleged various breaches of an Asset Purchase Agreement between the parties, including (a) the failure to turn over $340,817 in cash that was in defendants' possession on the closing date and (b) the failure to indemnify plaintiff for third-party claims. In addition, plaintiff alleges that defendants misrepresented the validity of a patent that was identified as an asset of TDE and purchased by plaintiff. Plaintiff seeks the entry of a partial judgment on the unpaid cash claim.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT REGARDING UNPAID CASH

that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to identify specific factual disputes that must be resolved at trial.  Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012).  The mere existence of a scintilla of evidence in support of the non-moving party's position will not preclude summary judgment, however, unless a reasonable jury viewing the evidence in the light most favorable to the non-moving party could return a verdict in its favor.  U.S. v. Arango, 670 F.3d 988, 992 (9th Cir. 2012).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

Plaintiff's motion for summary judgment was based primarily on the fact that defendants failed to make a separately identifiable transfer of cash to plaintiff, either on December 31, 2010, or after closing.  In opposition to the motion, defendants seem to concede that a separate payment was not made, but argue (apparently for the first time) that no cash is owing to plaintiff because defendants overpaid accounts receivable to such an extent that any liability for failing to transfer cash assets has been offset.  Defendants offered evidence of numerous bank transfers to plaintiff and a summary suggesting that payments exceeded the amount owed.  In reply, plaintiff introduced a new variable:  post-closing sales by plaintiff that were never part of the accounts receivable purchased from defendants.  Plaintiff provides the declaration of Alan C. Bergschneider in support of the assertion that only $1,451,219 of the $2,481,236 TDE transferred to plaintiff between April and October 2011 was related to pre-closing sales and the assets purchased by plaintiff.  Decl. of Alan C. Bergschneider (Dkt. # 25) at ¶¶ 8-9.  Under this analysis, the cash assets remain unpaid and other transfers do not offset the

---

[1] The Court finds that this matter can be decided on the papers submitted.  Defendants' request for oral argument is, therefore, DENIED.

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT REGARDING UNPAID CASH         -2-

liability.

Plaintiff chose to file its motion for summary judgment less than three months into discovery. As a result, the parties' positions had not been established, and each new memorandum raised an entirely new spectrum of factual issues and argument. The Court is reluctant to make a definitive finding when defendants have not had an opportunity to review plaintiff's accounting and respond to the arguments raised in reply.[2] The motion for summary judgment (Dkt. # 17) is therefore DENIED without prejudice.

Dated this 15th day of January, 2013.

*signature*
Robert S. Lasnik
United States District Judge

---

[2] The Court also notes that Mr. Bergschneider's assertions regarding the nature of the Transition Services provided by TDE and both parties' contentions regarding the appropriate characterization of the transferred funds are largely unsupported. If and when this motion is refiled, the Court expects not only a summary statement regarding amounts owed and paid, but also some form of underlying documentation so that the Court and the opposing party can evaluate the data to ensure accuracy and/or identify any inconsistencies or errors.

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT REGARDING UNPAID CASH          -3-