The Honorable Robert S. Lasnik

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLEMAN CABLE, INC.,

             Plaintiff,

      v.

TDE, INC., a defunct Washington Corporation,
and MONTE A. LEEN,

             Defendants.

NO. 2:12-cv-01243-RSL

SECOND DISCOVERY ORDER AND
PROTECTIVE ORDER

WHEREAS, in this action, plaintiff seeks, inter alia, indemnification from defendants for costs, expenses and attorney's fees expended to defend and resolve certain litigation and/or disputes that have not yet resulted in the initiation of formal litigation, and which are more further identified in the Complaint (hereafter the "Underlying Matters"); and

WHEREAS, defendants seek discovery of confidential settlement correspondence, mediation memoranda and related documents generated in the Underlying Matters (the "Settlement Materials") for the stated purpose of determining whether those matters arise from or result from liabilities of TDE, Inc., directly or indirectly, and/or are based upon, or arise out of, the operation of the business of TDE, Inc.; and

WHEREAS, defendants also seek discovery of confidential contractual agreements between plaintiff and The Home Depot, including Supplier Buying Agreements which identify

SECOND DISCOVERY ORDER AND PROTECTIVE ORDER - 1
(2:12-cv-01243-RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

PFS:004856.0675.729575.1
3600353.2

themselves as documents containing confidential information of The Home Depot (the "Home Depot Contracts"), for the stated purpose of determining whether the Underlying Matter identified in the complaint as The Home Depot Indemnity Claim arises from or results from liabilities of TDE, Inc., directly or indirectly, and/or is based upon, or arises out of, the operation of the business of TDE, Inc.; and

WHEREAS, plaintiff asserts that the Settlement Materials and the Home Depot Contracts contain confidential information, including but not limited to proprietary contract information which, if disclosed to third parties would be or could be prejudicial to plaintiff and/or The Home Depot; and

WHEREAS, plaintiff has objected to defendants' requests for production of the Settlement Materials and the Home Depot Contracts, but has agreed to withdraw its objections and produce the Settlement Materials and the Home Depot Contracts subject to a court order which protects their confidential nature and safeguards against disclosure thereof to third parties; and

WHEREAS, the Court agrees that the protection and safeguards desired by plaintiff and set forth below are reasonable and justified,

NOW, THEREFORE, **IT IS HEREBY ORDERED THAT:**

1.     This Stipulated Protective Order shall apply to all confidential Settlement Materials produced by plaintiff to defendants in this action ("Confidential Information").

2.     All documents or discovery responses designated and labeled by plaintiff as "Confidential" and which are disclosed or produced to defendants in this action are entitled to confidential treatment as described below.

3.     Plaintiff's production of Confidential Information does not constitute a waiver of either party's right to object to the admissibility of the Confidential Information or defendants' right to dispute the confidential nature of the document.

SECOND DISCOVERY ORDER AND PROTECTIVE ORDER - 2
(2:12-cv-01243-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4.      Defendants agree to maintain the confidentiality of the Confidential Information, which shall be used by defendants solely for purposes of this action and shall not be used or disclosed for any other purpose whatsoever.

5.      Confidential Information shall be made available by defendants only to Qualified Persons (as defined at paragraph 6 of this Order).

6.      "Qualified Person" means:

a.      The Court and court personnel necessary to assist the Court in the execution of its functions in this action;

b.      Defendant Monte Leen, individually, and in his capacity as corporate representative of defendant TDE, Inc.;

c.      Defendants' counsel of record in this action, and employees of such counsel to whom it is necessary that the Confidential Information be disclosed for purposes of acting in this action;

d.      A deponent in this lawsuit, during the course of his or her examination, who authored or was otherwise responsible for the creation of the Confidential Information; and

e.      Any other person who is designated as a Qualified Person by subsequent Court order of or by written agreement of the parties.

7.      Prior to the disclosure of any of the materials or information covered by this Protective Order to persons identified in paragraph 6 of this Protective Order, the attorney permitting disclosure shall obtain the receiving person's signature on a copy of this Protective Order, indicating his or her name, business address, and phone number, and a statement by the person written on or attached to the Protective Order that recites "I have read this Protective Order, agree to be bound by its terms, and agree to submit to the jurisdiction of this Court for enforcement of the Protective Order."  A copy of each such signed Protective Order shall be

SECOND DISCOVERY ORDER AND PROTECTIVE ORDER - 3
(2:12-cv-01243-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

PFS:004856.0675.729575.1
3600353.2

maintained by the counsel who permitted disclosure.  This provision does not apply to the Court or its personnel.

8.      Documents may be designated as "Confidential Information" by marking each document "CONFIDENTIAL."  Any copies made of Confidential Information produced in this action by plaintiff shall retain and display the "CONFIDENTIAL" mark or stamp.

9.      Plaintiff shall designate as "Confidential" only such documents that it in good faith believes contain Confidential Information.  Designation of information as Confidential Information may be challenged by defendants as follows:

a.      If defendants disagree with a designation of a document as Confidential, they shall submit to plaintiff an objection, which can be made at any time, and the parties shall try first to resolve such dispute in good faith on an informal basis.

b.      If the dispute cannot be so resolved within 10 days of plaintiff's receipt of defendants' objection, appropriate relief may be sought from the Court.

c.      All Confidential Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of the Confidential Information is entitled to confidential treatment.

10.     To the extent that Confidential Information is to be used in depositions, such information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Confidential Information.  A party may designate deposition testimony as confidential by so advising the parties during the deposition and confirming in writing within 7 days of receipt of the deposition transcript.  If testimony is designated as confidential or Confidential Information is the subject of the deposition testimony, the Court Reporter shall bind the Confidential Information separately from the remainder of the deposition transcript and exhibits.

SECOND DISCOVERY ORDER AND PROTECTIVE ORDER - 4
(2:12-cv-01243-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

PFS:004856.0675.729575.1
 3600353.2

11.     Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12.     In the event that before trial in this action, counsel for any party determines to submit to the Court any Confidential Information, such party shall redact all Confidential Information before submission to the Court.   In the event that redaction is impossible, such party shall file a motion to file the Confidential Information under seal pursuant to Local Rule CR 5(g).   If the underlying motion and accompanying affidavits and/or exhibits contain Confidential Information, both the motion and the affidavits and/or exhibits must be filed under seal.   The Confidential Information shall remain confidential while the motion is pending, consistent with CR 5(g).

13.     The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality or privilege, either as to specific information disclosed or as to any other information relating thereto or the same or related subject matter.

14.     Plaintiff shall give notice promptly following the discovery of any inadvertent disclosure, and defendants shall, following receipt of such notice, take all reasonable steps to preserve the confidentiality of the information against further disclosure or dissemination.

15.     Within 30 days of the conclusion of this action by settlement, judgment, or exhaustion of all appeals, each original and every copy of each document which contains Confidential Information shall either be returned to plaintiff or destroyed.  This provision does not apply to documents filed with the Court.

SECOND DISCOVERY ORDER AND PROTECTIVE ORDER - 5
(2:12-cv-01243-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

PFS:004856.0675.729575.1
 3600353.2

16.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Information for enforcement of the provisions of this Order following termination of this litigation.

17.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.

DATED this 8th day of April, 2013.

_Robert S. Lasnik_
Robert S. Lasnik
United States District Judge

Approved for Entry:

*Attorneys for Plaintiff*

WILLIAMS, KASTNER & GIBBS PLLC

/s  Mark S. Davidson_____
Mark S. Davidson, WSBA No. 06430
Williams Kastner & Gibbs, PLLC
601 Union St. #4100
Seattle WA 98101
T:  (206) 628-6648
E:  mdavidson@williamskastner.com

SECOND DISCOVERY ORDER AND PROTECTIVE ORDER - 6
(2:12-cv-01243-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

PFS:004856.0675.729575.1
3600353.2

1

2    ***Attorneys for Defendants:***

3    /s  Jofrey M. McWilliam
     Paul R. Taylor, WSBA No. 14851
4    Jofrey M. McWilliam, WSBA No. 28441
     Byrnes Keller Cromwell LLP
5    1000 2nd Ave Ste 3800
     Seattle, WA  98104-1062
6    T:  (206) 622-2000
     E: ptaylor@byrneskeller.com
7        jmcwilliam@byrneskeller.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SECOND DISCOVERY ORDER AND PROTECTIVE ORDER - 7
(2:12-cv-01243-RSL)

PFS:004856.0675.729575.1
 3600353.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600