1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
8   COLEMAN CABLE, INC.,                 )        Case No. C12-1243RSL
                                        )
9                        Plaintiff,      )
                                        )
10       v.                              )
                                        )        ORDER DENYING PLAINTIFF'S
11   TDE, INC., and MONTE A. LEEN,       )        MOTION FOR PROTECTIVE ORDER
                                        )
12                       Defendants.     )
_____)

13
14       This matter comes before the Court on "Plaintiff's Motion for Protective Order

15   Regarding Requested Documents."  Dkt. # 31.  Plaintiff alleges that defendants breached an

16   Asset Purchase Agreement between the parties by, among other things, failing to turn over

17   $340,817 in cash that was in defendants' possession on the closing date.  Defendants concede

18   that a separate payment marked "cash" was not made, but argue that they overpaid or transferred

19   accounts receivable to such an extent that some or all of the obligation to transfer cash assets

20   was satisfied.  Defendants seek information regarding payments made directly to plaintiff after

21   April 1, 2011, and how they were credited.

22       The accounting related to the Asset Purchase Agreement was apparently muddled

23   with plaintiff's on-going operations.  In order to locate payment information regarding relevant

24   sales and to ascertain whether a payment related to a pre-transaction sale (in which case the

25   payment offsets the amount owed by defendants) or a post-transaction sale (in which case the

26   payment is unrelated to the Asset Purchase Agreement), plaintiff will have to manually review

ORDER DENYING PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER

1  daily packets of remittances in an effort to link them to invoices, the date of which will allow the

2  parties to appropriately characterize the payment.  Plaintiff argues that this burdensome search is

3  entirely unnecessary because the characterization of the payments is not an issue:  plaintiff relies

4  on the fact that the total amount transferred to plaintiff from defendants between April and

5  October 2011 does not equal the total amount owed and that, regardless of the characterization,

6  defendants owe plaintiff money.  There is some indication, however, that defendants transferred

7  $4,149,691 in assets[1] to plaintiff, more than enough to cover the $2,737,264 required under the

8  Asset Purchase Agreement (the only contract at issue in this litigation).  Although plaintiff

9  argues that a large portion of the assets transferred from defendants reflects irrelevant sales

10  occurring after the closing date, it is exactly that contention which defendants want to test.  If,

11  for example, plaintiff simply characterized all payments made after the transition period (or

12  some other arbitrary date) as payments related to post-closing sales, their calculations would

13  undoubtedly be skewed in their favor.  Defendants must be permitted to review the underlying

14  documents on which plaintiff's accounting summaries are based as the only means of confirming

15  the summaries' accuracy.  The burden of having to review daily remittance information

16  (estimated at 30 and 300 transactions a day for a six month period) is not insubstantial, but

17  plaintiff cannot assert a claim for failure to pay and then refuse to turn over relevant payment

18  information.

19

20          For all of the foregoing reasons, plaintiff's motion for a protective order is

21  DENIED.  Plaintiff shall, within fourteen days of the date of this Order, provide the requested

22  documents or produce them as they are kept in the usual course of business in accordance with

23

24          [1]  Plaintiff appears to have accepted a transfer of $2,481,236 from defendants at the end of the
25  transition period, collected another $934,301 directly from defendants' customers, and taken over
     $734,154 in accounts receivable that had been invoiced but not yet paid.
26

ORDER DENYING PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER          -2-

1  Fed. R. Civ. P. 34(b)(E).

2

3          Dated this 4th day of September, 2013.

4                              _MM S Lasnik_

5                              Robert S. Lasnik
                               United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER          -3-