UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
COLEMAN CABLE, INC.,                )   Case No. C12-1243RSL
                                    )
            Plaintiff,              )
      v.                            )
                                    )   ORDER GRANTING DEFENDANTS'
TDE, INC., and MONTE A. LEEN,       )   MOTION TO COMPEL
                                    )
            Defendants.             )
_____)

This matter comes before the Court on "Defendants' Motion to (1) Compel Production of Documents, (2) Extend Deadline for Defendants to Provide Expert Reports, and (3) Award Fees Under FRCP 26(g)." Dkt. # 29. Plaintiff alleges that defendants breached an Asset Purchase Agreement between the parties by, among other things, failing to turn over $340,817 in cash that was in defendants' possession on the closing date. For the reasons set forth in the "Order Denying Plaintiff's Motion for Protective Order," of even date, information regarding payments made after April 1, 2011, and how those payments were characterized is discoverable. Plaintiff shall produce remittances in its possession related to pre- and post-closing sales.

Plaintiff asserts that some of the remittances received in April and May 2011 were left at defendants' Bellevue facility at the end of the transition period, presumably for disposal, and are no longer in their possession, control, or custody. Defendants argue that plaintiff will be unable to prove its cash payment claim without those remittances. In reply, defendants request

ORDER GRANTING DEFENDANTS'
MOTION TO COMPEL

dismissal of the cash payment claim and/or a finding of spoliation.  This relief is outside the scope of defendants' motion, however, and they have not attempted to show that adverse evidentiary rulings or inferences are appropriate given the facts of this case.

Defendants' request for fees of $5,000 as a sanction under Fed. R. Civ. P. 26(g)(3) is granted.  The responses provided were not complete and were not based on a reasonable investigation.[1]  The fact that plaintiff found and produced some responsive documents after the motion was filed does not alter the fact that the initial certification was defective and that defendants were forced to resort to motion practice to obtain documents to which they are entitled.

For all of the foregoing reasons, defendants' motion to compel (Dkt. # 29) is GRANTED.  Plaintiff shall, within fourteen days of the date of this Order, provide the remittances in its possession or produce them as they are kept in the usual course of business in accordance with Fed. R. Civ. P. 34(b)(E).  Defendants may, within twenty-one days of the production, supplement their expert report if necessary to take account of the new evidence.  Plaintiff shall pay $5,000 to defendants within fourteen days of the date of this Order.

Dated this 4th day of September, 2013.

Robert S. Lasnik
United States District Judge

---

[1] Despite Mr. Carriere's personal involvement in plaintiff's operations during the transition period and his knowledge regarding the disposition of documents at the end of that period, plaintiff apparently relied on assumptions and guesses when attempting to locate the remittances, rather than inquiring of Mr. Carriere.

ORDER GRANTING DEFENDANTS'
MOTION TO COMPEL                                       -2-